UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

Case No.:

| | |
|---|---|
| **Emmanuel Pimentel**,<br>**Rancel Moreno**,<br>**Johnny Cuevas**,<br>**Ramon Cuevas**,<br>**Adam Orozco**, and<br>**Irvin Maldonado**, each individually and on behalf of others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>**Strength20, LLC**, a Florida limited liability company, d/b/a "Strength20 General Services & Contracting";<br>**Global Strategies Consultant Group, Corp**., a for profit Florida corporation;<br>**Rommel A. Ariza**, individually, and;<br>**Florida Structural Group, Inc**., a for profit Florida corporation;<br><br>　　　Defendants. | CLASS REPRESENTATION |

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Emmanuel Pimentel, Rancel Moreno, Johnny Cuevas, Ramon Cuevas, Adam Orozco, and Irvin Maldonado, each individually and on behalf of others similarly situated, sue Defendants, Florida Structural Group, Inc. (hereinafter "FSG"); Global Strategies Consultant Group, Corp. (hereinafter "Global Strategies"); Strength20, LLC (hereinafter "Strength20"); and Rommel A. Ariza (hereinafter "Ariza"), individually, and allege:

## JURISDICTION AND VENUE

1.　　This lawsuit is an action to recover money damages for unpaid overtime and minimum wages, brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA");

the Florida Constitution, Art. X, §24; the Florida Minimum Wage Act, Fla. Stat. § 448.110; common law breach of contract; and other common law theories against respective Defendants. This Court enjoys jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, as well as under the authority of the FLSA, 29 U.S.C. § 216.

## **PARTIES**

2.      Plaintiff Emmanuel Pimentel ("Pimentel") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Pimentel provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

3.      Plaintiff Rancel Moreno ("Moreno") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Moreno provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

4.      Plaintiff Johnny Cuevas ("Cuevas") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Cuevas provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

5.      Plaintiff Ramon Cuevas ("Cuevas2") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Cuevas2 provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

6.      Plaintiff Adam Orozco ("Orozco") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Orozco provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

7.      Plaintiff Irvin Maldonado ("Maldonado") worked as a security guard protecting disaster-stricken properties in locations in and around, or near, Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Maldonado provided these security services as assigned by his employers: Defendant Strength20 and Defendant Global Strategies, with whom he was jointly employed for at least the approximate period of time between October 24, 2022 and November 17, 2022.

8.      Plaintiffs Pimentel, Moreno, Cuevas, Cuevas2, Orozco, and Maldonado, together with any other person who may hereafter consent to join in this lawsuit, are respectively "employees" within the meaning of the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 203(e)), as well as the Florida Constitution, Article X, § 24, and the Florida Minimum Wage Act

("FMWA"), which expressly adopt the statutory and regulatory provisions of the FLSA, and interpretive caselaw of the federal FLSA.

9.      **Defendant Employers.** Defendant Strength20 and Defendant Global Strategies are part of a conglomerate of related entities and individuals which together engages in "general services and contracting" including the provision of security services for their customers, both directly or indirectly through contractors.

10.     Defendant Strength20 and Defendant Global Strategies together and jointly entered into oral and/or written contracts with each of the Plaintiffs, and others similarly situated, in order to employ them as security guards hired to protect and secure disaster-stricken properties in locations in and around or near Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022. Under the terms of these contracts, Defendant Strength20 describes Defendant Global Strategies as a "corporation derived and managed by Strength 20 General Services & Contracting." A true and correct copy of the employment contract between Defendants Strength20 and Global Strategies on the one hand, and each of the Plaintiffs on the other, is attached hereto as **Exhibit 1**.

11.     Defendant Ariza is a part of the conglomerate with Defendants Strength20 and Global Strategies, including entities and persons, who hired the Plaintiffs to provide security work; moreover, Ariza enjoys operational control over Defendants Strength20 and Global Strategies and, as such, is jointly and severally liable together with Defendants Strength20 and Global Strategies for the unpaid statutory wages under the FLSA, the FMWA, and the Florida Constitution.

12.     Defendants Strength20, Global Strategies, and Ariza may hereinafter be collectively referred to as the "Employers".

13.    The Plaintiffs provided security services for the benefit of the Employers in accordance with the terms of their employment contract as set forth in **Exhibit 1**. However, Plaintiffs have not been paid for the work they provided under their employment contracts.

14.    The Employers, both individually and as a group is/are a "person" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (a) and (d); Fla. Stat. § 448.110(3); and under the Florida Constitution, Art. X, § 24(f).

15.    The Employers – each individually and together through its conglomerate of related entities and individuals – are an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16.    The Employers are, and at all times material to this action were, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employers was at all times material to this action in excess of $500,000.00 per annum.

17.    By reason of the foregoing, the Employers are, and at all times material to this action were, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA. 29 U.S.C. §§ 203(r) and 203(s) as well as for purposes of Fla. Stat. §448.110(3), and the Florida Constitution, Art. X, § 24(f). Moreover, the named Plaintiffs, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the fact that they regularly handled goods and materials which had travelled in interstate commerce, and also by the very nature of the work they performed.

18.    **<u>Defendant General Contractor</u>**. Defendant FSG is a Florida corporation which entered into a "Security Guard Service Agreement" by which it agreed to purchase security services from Defendants Stength20 and Global Strategies. A copy of the referenced "Security

Guard Service Agreement" between Defendant FSG on the one hand, and Defendants/Employers Strength20 and Global Strategies on the other, is attached hereto as **Exhibit 2**.

19.    Under the terms and conditions of the said "Security Guard Service Agreement" by which Defendant FSG contracted for security service man-hours from Defendants/Employers Strength20 and Global Strategies, it agreed to pay Strength20 and Global Strategies between $90.00 and $95.00 per security man hour provided by Strength20 and Global Strategies.

20.    All, or substantially all, of the work provided by the Plaintiffs in accordance with their Employment Contracts with Strength20 and Global Strategies was in furtherance of the "Security Guard Service Agreement" and corresponding contractual obligations between Defendant FSG on the one hand as the purchaser of security services, and Defendants/Employers Strength20 and Global Strategies on the other, as the seller or purveyor of security services.

21.    All or virtually all of the work provided by the Plaintiffs in accordance with their Employment Contracts with Strength20 and Global Strategies was provided for the benefit of FSG and in furtherance of the "Security Guard Service Agreement" existing between Defendant FSG and Defendants Strength20 and Global Strategies.

22.    The Plaintiffs are intended third party beneficiaries of the "Security Guard Service Agreement" existing between Defendant FSG and Defendants Strength20 and Global Strategies.

23.    Moreover, upon information and belief, Plaintiffs are also third-party beneficiaries of a contract or contracts between Defendant FSG and government agencies or private property owners for the provision of disaster relief services, including emergency security services as necessary for disaster relief following landfall of Hurricane Ian.  Such disaster relief contracts typically provide terms to secure payment of services provided by disaster relief workers.

24.     As third-party beneficiaries of the afore-mentioned contracts, Plaintiffs are entitled to enforce contracts for payment of security services provided by them.

25.     The Employers have indicated that they have not paid Plaintiffs because Defendant FSG has failed to pay them in accordance with the "Security Guard Service Agreement" and corresponding contractual obligations pertaining to the purchase or order of security services.

## COLLECTIVE ACTION ALLEGATIONS

26.     The Plaintiffs are similarly situated to other persons employed by the Employers in that all putative class members worked as security guards protecting disaster-stricken properties in locations in and around or near Sanibel Island, Florida and Ft. Myers Beach, Florida following the destruction occasioned by landfall of Hurricane Ian in the fall of 2022, and in accordance with oral and/or written contracts which required that they be paid a daily rate of $780.00 per day, plus a daily allowance for lodging.

27.     The Employers failed to pay as required under the contract, failing to pay anything for the last several weeks of employment, and also failed to pay them at the premium factor rate of 1.5 for overtime hours worked in excess of 40 during all workweeks, as required by the FLSA.

## ATTORNEY'S FEES

28.     Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay a reasonable attorney's fee for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

29.     Plaintiffs – and others similarly situated – are entitled to an award of prevailing party attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), Florida Statute §448.08 regarding lawsuits for unpaid wages, and pursuant to Florida Statute §448.110 for statutory unpaid minimum and overtime wages. Moreover, Plaintiffs are entitled to contractual attorney's fees and costs as a third-party beneficiary in accordance with the terms of the "Security Guard Service

Agreement" and any other contract between any Defendant and a government or private agency pertaining to the provision of disaster relief services.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)
### (Against Defendants Strength20, Global Strategies, and Ariza)

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

30.     At all times during their employment, Plaintiffs, and those similarly situated, were covered employees of the Employer and required by law to be paid at the rate of one-and-half times their regular effective hourly rate for all hours they worked in excess of forty during any given workweek.

31.     Plaintiffs regularly worked overtime hours, but their overtime hours were routinely and systematically not paid at the applicable premium rate, as required, or at all.

32.     Other current and former similarly situated employees of the Employers were also not paid overtime wages as required by law.

33.     At all times material to this action, the Employers failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employers to properly pay them at the premium rate, or at all, for hours worked in excess of forty (40) hours per workweek.

34.     The Employers failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include the following: (a) the Employers failed to properly use the applicable base rate of pay in calculating the overtime premium payment due; (b) the

Employers failed to timely pay Plaintiffs for all overtime hours they worked; (c) the Employers failed to maintain the types of books and records and policies necessary for enforcement of the FLSA's hourly wage requirements; (d) the Employers failed to timely disburse the correct overtime compensation due on the regularly scheduled payday for the corresponding workweek; (e) the Employers paid a flat daily rate for all twelve hours worked per day, during a seven day workweek, without factoring the premium rate due for hours worked in excess of forty in every workweek.

35.    The Employers knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing to Plaintiffs and other similarly situated employees overtime wages due from the commencement of the statutory period beginning June 2020, and as a result, Plaintiffs are entitled to recover liquidated damages equal to the amount of their unpaid or late paid overtime wages due for that period.

WHEREFORE, Plaintiffs and others similarly situated request all unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs from Defendants Strength20, Global Strategies, and Ariza, pursuant to the Fair Labor Standards Act. In the event that Plaintiffs and those similarly situated employees do not recover liquidated damages, then Plaintiffs and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

### – COUNT II –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**
**(Against Defendants Strength20, Global Strategies, and Ariza)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

36.     At all times during their employment, Plaintiffs, and others similarly situated, were hourly employees of the Employers required to be paid a minimum hourly wage for all work performed for the said Employers.

37.     During Plaintiffs' employment with the Employers, the Employers violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2), and 29 C.F.R. §541.4 by failing to timely pay Plaintiffs, and those similarly situated, at least the highest applicable minimum hourly rate during respective pay periods.

38.     During at least the last 11 days of their employment of the Plaintiffs, and others similarly situated, the Employers failed to pay any wages at all for the work performed.

39.     The Employers also failed to timely pay wages to Plaintiffs, and those similarly situated, on the regularly scheduled pay date when those wages were earned.

40.     At all times material to this action, the Employers failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28 *et seq.,* and §§531.35 and 531.50 and §541.4, *et seq.* and other applicable authority in that Plaintiffs and those similarly situated performed services for the benefit of the Employers for which they were either not paid at all, or paid well below the minimum wage rates required by both federal law, and under applicable Florida law and Florida Constitution (including § 448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA and implementing regulations, including 29 U.S.C. § 541.4.

41.     Others who are similarly situated as the Plaintiffs, also provided labor as hourly-rate security guard employees and were also systematically paid less than the applicable minimum hourly wage, or not at all, as described above.

42.     The Employers knowingly and willfully and/or with a reckless disregard of the provisions of the FLSA, failed to comply the applicable minimum wage provisions, and remains owing Plaintiffs and other similarly situated employees a minimum wage for at least the extended three-year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal to unpaid wages, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiffs does not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

**– COUNT III –**
**VIOLATION OF THE FLORIDA CONSTITUTION AND FLORIDA MINIMUM WAGE**
**ACT GUARANTEES OF A MINIMUM HOURLY WAGE**
**(Failure to Pay Minimum Wages)**
**(Against Defendants Strength20, Global Strategies, and Ariza)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

43.     At all times during their employment with the Employers, the Plaintiffs and others similarly situated were required to be paid a minimum hourly wage for every hour worked for their Employers in accordance with rights secured under the Florida Constitution, Art. X, §24, as well as the Florida Minimum Wage Act, Fla. Stat. 448.110.

44.     At all times during their employment, Defendants violated the provisions and actionable guarantees of the Florida Constitution, Art. X, §24, as well as the Florida Minimum Wage Act, Fla. Stat. 448.110 by failing to timely pay Plaintiffs and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates required under both federal law and under Florida law, and the Florida Constitution.

45.     Plaintiffs have satisfied any condition precedent to filing this action, if any.

46.     The Employers knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiffs and other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

WHEREFORE, Plaintiffs and others similarly situated demand the following: all unpaid minimum wages due, liquidated damages for the nonpayment, or untimely payment of wages after the scheduled payday; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

### – COUNT IV –
### BREACH OF EMPLOYMENT CONTRACT
**(Failure to Pay Negotiated Contract Wages)**
**(Against Defendants Strength20, Global Strategies, and Ariza)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

47.     At all times during their employment, the Plaintiffs, each of them, performed as required under the terms of an employment contract or agreement (hereafter the "Employment Contract"), the terms of which were memorialized in a form substantially identical to the one attached hereto **Exhibit 1**.

48.     Under the terms of the "Employment Contract", Plaintiffs were told that they would be "working for Global Strategies Consultant Group, a corporation derived and managed by Strength20 General Services & Contracting."

49.    Under the terms of the Employment Contract, the Employers were required to pay each Plaintiff security guard a daily rate of $780.00 per day, plus a daily lodging allowance.

50.    Employers breached the Employment Contract by, *inter alia*:

   a.    failing to pay each Plaintiff his negotiated wages;

   b.    failing to provide the daily lodging allowance;

   c.    failing to pay wages in a timely manner on the regularly scheduled pay day;

   d.    failing to pay all wages due upon conclusion of employment;

51.    As a direct, natural, proximate and foreseeable cause of Employers' breach, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs and those similarly situated demand the following: all unpaid wages and lodging allowances, pre-judgment interest, together with attorney's fees and costs of this action.

## – COUNT V –
### SUIT FOR UNPAID WAGES UNDER COMMON LAW
**(Failure to Pay Common Law Wages and Allowances)**
**(Against Defendants Strength20, Global Strategies, and Ariza)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

52.    At the time Plaintiffs' employment with Employers terminated, the Employers owed Plaintiffs all unpaid wages and lodging allowances earned and accrued through the date of termination.

53.    The Employers have failed to properly account for and unconditionally pay Plaintiffs all wages and allowances due – and past due – to Plaintiffs at the time employment concluded.

WHEREFORE, Plaintiffs and those similarly situated demand the following: payment of all accrued unpaid wages and allowances, and wrongfully confiscated wages and allowances, together with all payments required, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

**– COUNT VI –**
**QUANTUM MERUIT**
**(Against Defendants Strength20, Global Strategies, and Ariza)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–17 and 26–29, above, as though fully set forth herein.

54.    During the period of their employment, Plaintiffs and others similarly situated provided labor and services in accordance with Employers' request, in exchange for an agreed upon price for the provision of those services which was represented to be $780.00 per day.

55.    Employers agreed to pay the daily rate $780.00 per day and they accepted the Plaintiffs' security services based upon that representation, but then failed to pay said wages for work performed by Plaintiffs and assigned by Employers.

56.    Employers were aware that Plaintiffs expected to be compensated for the work they performed.

57.    Employers were unjustly enriched by the failure to compensate Plaintiffs.

WHEREFORE, Plaintiffs and others similarly situated demand the following: payment of all accrued unpaid back wages, wage restitution, benefits, damages, liquidated sanctions, and attorney's fees and costs, together with any other relief available under the ordinance or at common law.

– COUNT VII –
**BREACH OF "SECURITY GUARD SERVICE AGREEMENT" CONTRACT**
(Plaintiffs Assert Third-Party Beneficiary Rights)
(Against Defendant FSG)

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–13, 18–25, and 28–29, above, as though fully set forth herein.

58.    At all times during their employment, the Plaintiffs, each of them, performed work in furtherance of the "Security Guard Service Agreement" entered into between Defendant FSG and Defendants Strength20 and Global Strategies, the terms of which are memorialized in the attached hereto **Exhibit 2**.

59.    There is a clear intent between the parties to the "Security Guard Service Agreement" that payments due thereunder from Defendant FSG are on account of specific hourly rates "for each armed officer" and for each "supervisor" for the work actually performed by security guards who perform the services contracted for, and that they are required and intended to be paid for the services they provide in furtherance of the "Security Guard Service Agreement".

60.    Under the terms of the "Security Guard Service Agreement", Defendant FSG is also required to "provide lodging to every officer assigned."

61.    Defendant FSG breached the "Security Guard Service Agreement" by failing to make all payments due thereunder for security guard hourly services provided by Defendants Strength20 and Global Strategies as actually performed by Plaintiffs who remain unpaid.

62.    Defendant FSG breached the "Security Guard Service Agreement" by failing to "provide lodging to every officer assigned", including every Plaintiff who was not provided lodging as required.

63.    As a result of the breach of contract by Defendant FSG, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs and others similarly situated demand the following: all unpaid wages and lodging allowances, pre-judgment interest, together with attorney's fees and costs of this action.

**– COUNT VIII –**
**BREACH OF DISASTER RELIEF CONTRACTS**
**(Plaintiffs Assert Third-Party Beneficiary Rights)**
**(Against Defendant FSG)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–13, 18–25, and 28–29, above, as though fully set forth herein.

64.     Upon information and belief, the Plaintiffs, each of them, performed work in furtherance of certain "Disaster Relief Contracts" entered into between Defendant FSG and certain federal, state or municipal government agencies and/or political subdivisions of the state for the performance of disaster relief work made necessary by landfall of Hurricane Ian.

65.     Under the terms of such "Disaster Relief Contracts" Defendant FSG, would be required to ensure that all work performed is paid and otherwise secured in accordance with applicable law, and that the persons who actually perform the work are compensated for the work they provide on an emergency basis in furtherance of said "Disaster Relief Contracts".

66.     Defendant FSG breached the "Disaster Relief Contracts" by failing to ensure that the people who actually performed the work thereunder are actually paid, and by failing to take steps to ensure that payments to subcontractors would necessarily result in payment to the actual workers who performed the work, and in a manner that conforms with applicable laws.

67.     As a result of the breach of contract by Defendant FSG, Plaintiffs have suffered damages.

WHEREFORE, Plaintiff and others similarly situated demand the following: all unpaid wages and lodging allowances, pre-judgment interest, together with attorney's fees and costs of this action.

**– COUNT IX –**
**QUANTUM MERUIT**
**(Against Defendant FSG)**

Plaintiffs, individually and on behalf of others similarly situated, reallege paragraphs ¶¶ 1–13, 18–25, and 28–29, above, as though fully set forth herein.

68.    During the period of their employment, Plaintiffs and others similarly situated provided labor and services in accordance with request made by Defendant FSG.

69.    Defendant FSG understood that the persons who actually performed the work ordered by Defendant FSG were providing a valuable service and were entitled to be compensated for such work.

70.    Defendant FSG was aware that Plaintiffs expected to be compensated for the work they performed.

71.    Defendant FSG was unjustly enriched by the work performed by Plaintiffs.

WHEREFORE, Plaintiffs and others similarly situated demand the following: payment of all accrued unpaid back wages, wage restitution, benefits, damages, liquidated sanctions, and attorney's fees and costs, together with any other relief available under the ordinance or at comm0n law.

**JURY TRIAL DEMAND**

Plaintiffs and other similarly situated demand trial by jury of all issues, claims and defenses triable by jury as of right.

Dated:  July 21, 2023

Respectfully submitted,

**ANTHONY F. SANCHEZ, P.A.**
ATTORNEYS FOR PLAINTIFFS
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.: 305-665-9211

BY:  /s/ ANTHONY F. SANCHEZ
    ANTHONY F. SANCHEZ
    FLORIDA BAR NO.789925
    AFS@LABORLAWFLA.COM