UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL,
RANCEL MORENO, JOHNNY
CUEVAS, RAMON CUEVAS,
ADAM OROZCO, and IRVIN
MALDONADO, individually and on
behalf of others similarly situated,

    Plaintiffs,

v.                                              Case No.:  2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL
STRATEGIES CONSULTANT
GROUP, CORP., ROMMEL A.
ARIZA and FLORIDA
STRUCTURAL GROUP, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for Rule to Show Cause or Other Sanction or Rule 37 Relief Against Defendants Strength20, LLC, and Rommel A. Ariza. (Doc. 36.)[1] No opposition has been filed, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c). For the below reasons, the motion is granted in part and denied in part.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

This case arises under the Fair Labor Standards Act (FLSA). Upon filing, the Court entered an FLSA Fast-Track Scheduling Order. (Doc. 22). It requires the exchange of certain discovery and sets a deadline for Defendants to serve all time sheets and payroll records that pertain to work performed by Plaintiffs during the period for which they claim unpaid wages. (Doc. 22 at 2.) Defendants Strength20, LLC, and Rommel A. Ariza have produced no such records and the time to do so expired.

Federal Rule of Civil Procedure 37(b) provides that a party may move for sanctions in such circumstances. Plaintiffs conferred with defense counsel in a good-faith effort to resolve this dispute to no avail. (Doc. 37.) And now Strength20 and Ariza have not responded to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (stating that a party that does not assert objections to discovery within time allowed by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel). Having received no response in opposition, the Court grants Plaintiffs' request to compel production of the documents required under the Court's Fast-Track Order.

If a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees[] caused by the

2

failure." Fed. R. Civ. P. 37(b)(2)(A), (b)(2)(C). This sanctions provision in Rule 37 is self-executing. The court *must* award expenses if the party fails to obey a discovery order. *See Jacobi v. Experian Info. Solutions, Inc.*, No. 20-cv-60591-SMITH/VALLE, 2021 WL 8894465, at *2 (S.D. Fla. Aug. 20, 2021).

There is no doubt Rule 37(b)(2) applies here. Strength20 and Ariza have not complied with the Fast-Track Order (or responded to the pending motion). Thus, an award of attorney's fees and expenses is mandated. *Sanchez v. City of St. Cloud*, No. 6:22-cv-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Rule 37 has a safe-harbor provision. The court need not order sanctions if: "the failure was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007). Strength20 and Ariza have failed to carry their burden. Indeed, they offer no opposition to the motion. That ends the matter. *See Sanchez*, 2023 WL 6809621, at *2.[2]

Accordingly, it is now **ORDERED**:

---

[2] Plaintiffs also request that Strength20 and Ariza be held in contempt—a potential sanction under Rule 37(b)(2)(A). (Doc. 36 at 7-8.) Rule 37(b)(2)(A) says that the Court "may" issue such a sanction. In its discretion, the Court finds that such drastic relief, in addition to the award of expenses, is unwarranted in these circumstances as there is no pattern of discovery abuse or evidence of willful behavior. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 (11th Cir. 1997)

1. Plaintiffs' Motion for Rule to Show Cause or Other Sanction or Rule 37 Relief Against Defendants Strength20, LLC, and Rommel A. Ariza (Doc. 36) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** to the extent the Court awards Plaintiffs their reasonable attorney's fees and expenses incurred in making the motion. The motion is **denied** to the extent it seeks any greater or different relief.

2. Within fourteen days of this order, Plaintiffs and Defendants Strength20 and Ariza must meet and confer about the attorney's fees and expenses Plaintiffs reasonably incurred in making the motion.

3. If the parties cannot reach an agreement, Plaintiffs must submit a motion, which includes necessary supporting documents, detailing their reasonable expenses and fees if they wish to pursue such relief.

4. By **December 5, 2023**, Defendants Strength20 and Ariza must serve full and complete copies of all time sheets and payroll records in their possession, custody, and control that pertain to work performed by Plaintiffs during the period for which Plaintiffs claim unpaid wages.

**ORDERED** in Fort Myers, Florida this November 21, 2023.

Kyle C. Dudek
United States Magistrate Judge