UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL, RANCEL MORENO, JOHNNY CUEVAS, RAMON CUEVAS, ADAM OROZCO, IRVIN MALDONADO, TRENT BARKER, CHRISTOPHER CAMPBELL, KHADEJHA DUBOSE, JOHN FABIEN, TOMAS SANCHEZ, TERRANCE STOUTE, RAYMOND WALLS, ALFRED CLARK, ALEXANDER DIAZ-BENITEZ, CARLOS GUERRA, RAFAEL ARMANDO LEVYA MARTINEZ, LENIER MACHIN, JORGE QUINONES, JACOB POWELL, FIDEL RODRIGUEZ, TAYLOR SAMS, RONALD THOMAS and ANYEL DELGADO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.                                                                Case No.:  2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL STRATEGIES CONSULTANT GROUP, CORP., ROMMEL A. ARIZA and FLORIDA STRUCTURAL GROUP, INC.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiffs' unopposed motion to conditionally certify the proposed collective. (Doc. 94.)[1] For the reasons stated below, the motion is granted in part and denied in part.

## I. Background

Plaintiffs are security guards. (Doc. 46 ¶¶ 2-7, 31.) In the wake of Hurricane Ian, Defendants Stength20 and Global Strategies employed Plaintiffs to protect Defendant Florida Structural Group Inc.'s job sites around Sanibel Island and Fort Myers Beach. (*Id.* ¶¶ 10, 11, 13, 18-19, Doc. 94 at 6, 21.)

Plaintiffs now sue Defendants under the Fair Labor Standards Act ("FLSA"), alleging they did not pay minimum and overtime wages. (Doc. 46 ¶¶ 35-47.) According to Plaintiffs, they received no pay for eleven days' work. (*Id.* ¶¶ 32, 42.) And for the days Defendants did pay, they did not provide "the premium factor rate of 1.5 for overtime hours." (*Id.* ¶¶ 32, 36.) Plaintiffs assert these allegations are common to the proposed collective. (*Id.* ¶¶ 31-32.) And they have identified other, similarly situated security officers who wish to join the suit. (Doc. 3-1, Doc. 3-2, Doc. 3-3, Doc. 3-4, Doc. 3-5, Doc. 3-6, Doc. 51-1, Doc. 55-1, Doc. 58-1, Doc. 63-1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

That brings us to the current motion. Plaintiffs seek to conditionally certify a collective of (1) Security guards employed by Defendants Stength20 and Global Strategies between September 28, 2022, and February 28, 2023, (2) to secure "job sites owned or controlled by Defendant FSG" around Sanibel Island and Fort Myers Beach, and (3) who were not paid minimum and overtime wages. (*See generally* Doc. 94, Doc. 94-3 at 2.)

## II. Legal Standards

"The FLSA authorizes collective actions against employers accused of violating" its requirements. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). "In the Eleventh Circuit, certification of an FLSA collective action proceeds in two stages: the conditional certification or notice stage and the decertification stage." *Johnsey v. BAL TK, LLC*, No. 2:18-CV-00643-MHH, 2019 WL 3997072, at *2 (N.D. Ala. Aug. 23, 2019). We are at the first stage.

For conditional certification, a court "must determine—usually based solely on the pleadings and any affidavits of record—whether notice of the action should be provided to possible class members." *Raffo v. OS Rest. Servs., LLC*, No. 8:22-CV-1999-TPB-CPT, 2023 WL 5279496, at *2 (M.D. Fla. Aug. 1, 2023). "In evaluating whether conditional certification is appropriate, this Court considers: (1) whether there are other employees who desire to opt-in, and (2) whether these other employees are similarly situated to [the claimant]

3

with respect to their job requirements and with regard to their pay provisions." *Poggi v. Humana at Home 1, Inc.*, No. 817CV1234T24JSS, 2017 WL 4877431, at \*4 (M.D. Fla. Oct. 30, 2017).

Plaintiffs bear the burden under both requirements. *Reese v. Fla. Bc Holdings, LLC*, No. 617CV1574ORL41GJK, 2018 WL 1863833, at \*3 (M.D. Fla. Mar. 16, 2018). But this is a "fairly lenient standard." *O'Day v. Inv. at Lake Diamond, LLC*, No. 5:23-CV-59-GAP-PRL, 2023 WL 3456926, at \*2 (M.D. Fla. Apr. 21, 2023). "Where discovery has not been completed, a motion to conditionally certify a collective action under the FLSA and send out court authorized notice is typically granted." *Grajeda v. Verified Moving Pros, LLC,* No. 0:22-CV-61471-WPD, 2022 WL 17987191, at \*1 (S.D. Fla. Sept. 22, 2022).

### III. Discussion

#### A. Plaintiffs have Shown Other Employees Desire to Opt-In

"The first requirement for conditional certification is that Plaintiff demonstrate that other employees desire to opt-in." *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1321 (M.D. Fla. Mar. 12, 2019). "Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Id.*

Here, "there are six (6) original Plaintiffs who have each filed respective consent to join forms and another eighteen (18) opt-in Plaintiffs." (Doc. 94 at 4,

4

Doc. 3-1, Doc. 3-2, Doc. 3-3, Doc. 3-4, Doc. 3-5, Doc. 3-6, Doc. 51-1, Doc. 55-1, Doc. 58-1, Doc. 63-1.) This is more than enough to satisfy Plaintiffs' "fairly lenient burden" to show other employees are interested in joining the suit. Indeed, many "courts have conditionally certified collective actions with as few as one or two individuals expressing a desire to opt-in." *Raffo*, 2023 WL 5279496, at *3; *see also O'Day,* 2023 WL 3456926, at *4.

### B. Substantially Similar

Next, the Court must determine whether the proposed collective members are "similarly situated to [Plaintiffs] with respect to their job requirements and with regard to their pay provisions." *Poggi*, 2017 WL 4877431, at *4. In making this assessment, courts commonly consider several factors:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographical location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; [and] (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar.

*Thomas*, 360 F. Supp. 3d at 1321-22.

Plaintiffs bear the burden here, but again, the bar is not particularly high. *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016). At this stage, "opt-in plaintiffs need show only that their positions are similar, not identical,

5

to the positions held by the putative class members." *Id.* "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage." *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007).

The first two factors are easily met. The potential members of the collective shared the same job title: security guard. And they were employed to secure FSG's job sites in a limited geographic region — Fort Myers Beach and Sanibel Island.

Plaintiffs also satisfy the third factor with ease. The amended complaint alleges Defendants *willfully* violated the FLSA. (Doc. 46 ¶ 40, 47); *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (willfulness is satisfied when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."). As a result, a three-year statute of limitation applies. 29 U.S.C. § 255(a). When willful violations are alleged, "[c]ourts in this Circuit have consistently held a three-year window of alleged violations satisfies the factor." *Parham v. Key Fire Prot. Enterprises, LLC*, No. CV 119-180, 2020 WL 4734726, at *6 (S.D. Ga. Aug. 14, 2020). The proposed collective would only encompass security guards working for Defendants between September 28, 2022, and February 28, 2023. (*See* Doc. 94-3 at 2.) Thus, the alleged violations occurred during the same period.

6

Finally, Plaintiffs satisfy the fourth and fifth factors by alleging Defendants did not pay minimum and overtime wages in violation of the FLSA. (Doc. 46 ¶ 31-47); *See, e.g., Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1052 (N.D. Ga. 2016) ("The focus of the court's inquiry at this stage is not on whether there has been an actual violation of law, but on whether the proposed plaintiffs are similarly situated with respect to their allegations that the law has been violated."). What is more, the allegations in the amended complaint and the responses to the Court's interrogatories show the alleged failures to pay minimum and overtime wages generally resulted from the same actions. (*See* Doc. 39-1, Doc. 46, Doc. 80-5).

## C. Request for Expedited Discovery

In their motion, Plaintiffs ask that Defendants be ordered to produce a complete list of people and entities employed to provide security for FSG's job sites around Sanibel Island and Fort Myers Beach, as well as those persons' contact information. (Doc. 94 at 1-2.) They also ask for physical and electronic copies of the information. (*Id.* at 2.)

This request is proper under well-settled case law. *See Chen v. Wow Rest. TH, LLC*, No. 8:22-CV-2774-VMC-MRM, 2023 WL 3976005, at *8 (M.D. Fla. June 13, 2023); *Dyer v. M & M Asphalt Maint. Inc.*, No. 615CV959ORL37KRS, 2016 WL 11586517, at *4 (M.D. Fla. July 5, 2016). And Defendants have raised no objection. Thus, the Court will direct Defendants to provide the names and

contact information of each person or entity they employed to provide security for FSG's job sites around Sanibel Island and Fort Myers Beach between September 28, 2022, and February 28, 2023.

### D. Request to Toll the Statute of Limitations

Plaintiffs also "request that any order granting this motion toll the limitations period. The Order should hold that the statute begins to run from the date this action was filed." (Doc. 94 at 24.) "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. The plaintiff bears the burden of showing that he is entitled to equitable tolling. . . [it] is an extraordinary remedy which should be extended only sparingly." *Cruz v. United States*, 522 F. App'x 635, 637-38 (11th Cir. 2013). Plaintiffs have not shown they are entitled to such extraordinary relief. Nor have they shown that it is necessary. The alleged FLSA violations occurred between September 2022 and February 2023. Thus, the statute of limitations period will not trigger for another six months. Accordingly, the Court declines to toll the statute of limitations period on the record presented.

### E. The Proposed Notice

"When permitting a party to send a notice concerning a collective action, a trial court has a substantial interest in [the] communications that are mailed[.]" *Aiyekusibe v. Hertz Corp.*, No. 218CV816FTM38MRM, 2020 WL

8

1894502, at *5 (M.D. Fla. Jan. 28, 2020). "By monitoring the preparation and distribution of a notice, a court can ensure that it is timely, accurate, and informative." *Id.* "In general, notices to potential class members in FLSA cases should contain certain information." *Id.* And they "should not appear to be weighted in favor of one side or the other." *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 8:19-CV-2289-T-33CPT, 2020 WL 1674310, at *6 (M.D. Fla. Mar. 4, 2020).

Defendants do not oppose the notice, but the Court has observed deficiencies that must be addressed. First, the notice should not seem to be weighted for Plaintiffs. *Metzler*, 2020 WL 1674310, at *6. The notice informs potential members that Plaintiffs believe they were not properly paid. (Doc. 94-1 at 1.) But it does not tell them that Defendants contest the allegations. (*Id.*) The notice must be amended to inform potential members that the allegations are contested. And that information should appear on the first page, along with Plaintiffs' claims.

Second, the notice and consent form send conflicting messages about the potential members' right to hire counsel of their choice. (*Compare* Doc. 94-1 at 2 *with* Doc. 94-2.) These documents must be amended to "include language informing all recipients that they have the right to consult with and retain their preferred counsel." *Dean v. W. Aviation, LLC*, No. 17-CV-62282, 2018 WL 1083497, at *3 (S.D. Fla. Feb. 28, 2018).

9

Third, the notice does not inform potential members "of all [of their] obligations, including the possibility of responding to written requests, sitting for a deposition, or appearing at trial." *Moxley v. OS Rest. Servs., LLC*, No. 8:21-CV-1760-JLB-JSS, 2022 WL 3268289, at *2 (M.D. Fla. July 5, 2022). It also fails to tell them they could be responsible for Defendants' attorneys' fees and costs. "[N]otices to potential class members in FLSA cases . . . should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class." *Gibbs v. MLK Express Servs., LLC*, No. 218CV434FTM38MRM, 2020 WL 759917, at *2 (M.D. Fla. Jan. 30, 2020); *Aiyekusibe*, 2020 WL 1894502, at *5; *Aguirre-Molina v. Truscapes SW Fla Inc.*, No. 2:15-CV-608-FTM-38CM, 2016 WL 4472992, at *7 (M.D. Fla. Aug. 3, 2016). The notice must be amended to inform potential members of these risks and obligations.

Fourth, the "Do Nothing" paragraph gives the impression that potential members will retain their legal rights without exception if they do not join the suit. (Doc. 94-1 at 1-2.) But the window to bring their claims is restricted. And it is doubtful the potential members know that window is slowly closing. Accordingly, the notice must be amended to inform potential members who choose to "do nothing" of the applicable statute of limitation periods.

Fifth, the motion does not discuss what contact Plaintiffs' counsel may have with potential members or the time opt-in plaintiffs should have to join

10

the lawsuit. On these points, Plaintiffs may send the court-approved notice to potential members. But they may not send a reminder notice to potential members who do not respond. *Moxley*, 2022 WL 3268289, at *2 ("[R]eminder or follow-up notices are unnecessary and will not be permitted."). Courts within this district "routinely permit potential plaintiffs to have at least sixty days to opt-in to a lawsuit[.]" *Raffo*, 2023 WL 5279496, at *3. And there is no reason to believe sixty days would be insufficient here. Thus, once the notice is approved, Plaintiffs' counsel may send potential collective members a copy of the notice and the opt-in form. Potential collective members will then have sixty-days to opt in.

### F. The Proposed Order

Plaintiffs' motion contains a proposed order granting conditional certification. (Doc. 94-3.) Unsolicited proposed orders are prohibited under the Local Rules. *See* Local Rule 3.01(f). Accordingly, the Court denies Plaintiffs' proposed order.

## IV. Conclusion

For the reasons stated, Plaintiffs' unopposed motion to conditionally certify the proposed collective (Doc. 94.) is **GRANTED IN PART AND DENIED IN PART**:

1. Conditional certification of the following collective definition is permitted: (1) Security guards employed by Defendants Stength20 and Global

11

Strategies between September 28, 2022, and February 28, 2023, (2) to secure "job sites owned or controlled by Defendant FSG" on, or near, Sanibel Island and Fort Myers Beach, (3) who were not paid minimum and overtime wages. (*See generally* Doc. 94, Doc. 94-3 at 2.)

2. The parties must confer and submit an amended proposed notice and consent form consistent with this Order by April 3, 2024. If the parties cannot agree on a proposed notice and consent form, they must submit individual proposals by the same date.

3. Upon approval of the final consent form and notice, the Court will set a further schedule for (1) Defendants to provide the names, last known mailing addresses, and last known email addresses of all employees who fall within the above collective definition; (2) Plaintiffs to issue the notice; and (3) Plaintiffs to file all consents to join with this Court.

4. Plaintiffs' motion is denied as much as it seeks any different relief than ordered above.

**ORDERED** in Fort Myers, Florida this March 26, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record