UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL,
RANCEL MORENO, JOHNNY
CUEVAS, RAMON CUEVAS,
ADAM OROZCO, IRVIN
MALDONADO, TRENT BARKER,
CHRISTOPHER CAMPBELL,
KHADEJHA DUBOSE, JOHN
FABIEN, TOMAS SANCHEZ,
TERRANCE STOUTE, RAYMOND
WALLS, ALFRED CLARK,
ALEXANDER DIAZ-BENITEZ,
CARLOS GUERRA, RAFAEL
ARMANDO LEVYA MARTINEZ,
LENIER MACHIN, JORGE
QUINONES, JACOB POWELL,
FIDEL RODRIGUEZ, TAYLOR
SAMS, RONALD THOMAS and
ANYEL DELGADO, individually
and on behalf of others similarly
situated,

    Plaintiffs,

v.                                                                    Case No.:  2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL
STRATEGIES CONSULTANT
GROUP, CORP., ROMMEL A.
ARIZA and FLORIDA
STRUCTURAL GROUP, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' motion to compel responses to their interrogatories and requests for production. (Doc. 112.)[1] Defendants did not answer the discovery, so Plaintiffs followed up via email "in an effort to confer in good faith[.]" (Doc. 112 at 2-3.) Florida Structural Group responded by moving the Court for more time. (Doc. 115, Doc. 116.) Strength 20 and Ariza declined to confer and told Plaintiffs to file their motion. (Doc. 112 at 1, 6.) Although they invited the motion to compel, Strength 20 and Ariza did not respond. And only after the deadline passed, did they provide the responsive documents. (Doc. 121.)

Starting with Florida Structural Group, a "court may, for good cause, extend the time for responding . . . where the party made a motion for an extension of time after the deadline for responding has passed if the party failed to act because of excusable neglect." *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 939 (11th Cir. 2015). "When assessing whether a party has established excusable neglect, a court must consider all pertinent circumstances, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

and whether the movant acted in good faith." *Allenback v. CoreLogic Credco, LLC*, No. 3:23CV2871-TKW-ZCB, 2024 WL 977162, at *1 (N.D. Fla. Feb. 29, 2024).

Considering the above factors, the Court finds Florida Structural Group did not respond to the discovery because of excusable neglect. The delay resulted from an innocent calendaring error. (Doc. 116 ¶ 5-8.) Additionally, the *de minimis* extension it seeks is unlikely to cause prejudice or impact the proceedings, since discovery remains open for several months and trial is more than a year away. (Doc. 87.) Thus, the Court finds good cause to deny the motion to compel and provide Florida Structural Group more time to respond.

As for Defendants Strength 20 and Ariza, they allegedly turned over discovery responses after the motion to compel was filed. That renders any order compelling discovery moot. *See, e.g.*, *Trahan v. Sandoz, Inc.*, No. 3:13-CV-350-J-34MCR, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015). But there is still the question of Plaintiffs' request for attorney fees under Fed. R. Civ. P. 37(a)(5)(A). (Doc. 112 at 3.)

Rule 37 has a self-executing sanctions provision. When the requested discovery is provided only after a motion to compel is filed, the court *must* order "the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *KePRO Acquisitions, Inc. v. Analytics*

3

*Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

No doubt Rule 37(a)(5) applies here. Defendants Strength 20 and Ariza answered the discovery only after the motion to compel. (Doc. 121.) Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

If Strength 20 and Ariza hoped to avoid sanctions, they failed to carry their burden. Indeed, they offer no opposition to the fee request. (Doc. 121.) That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL

4

6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, it is now **ORDERED**:

1. Florida Structural Group's request for an extension of time (Doc. 115) is **GRANTED**. By **June 10, 2024**, it must respond to the outstanding discovery.

2. Plaintiffs' Motion to Compel (Doc. 112) is **DENIED AS MOOT**, except that Plaintiffs' request for fees is **GRANTED** as to Defendants Strength 20, LLC and Rommel Ariza.

3. Within fourteen days of this order, Plaintiffs, Strength 20, and Ariza must meet and confer about the expenses Plaintiffs reasonably incurred under Rule 37. If the parties cannot agree on a fee award, Plaintiffs must submit a motion, which includes necessary supporting documents, detailing their reasonable expenses and fees if they wish to pursue this relief.

**ORDERED** in Fort Myers, Florida on May 29, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record