UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL, RANCEL MORENO, JOHNNY CUEVAS, RAMON CUEVAS, ADAM OROZCO, IRVIN MALDONADO, TRENT BARKER, CHRISTOPHER CAMPBELL, KHADEJHA DUBOSE, JOHN FABIEN, TOMAS SANCHEZ, TERRANCE STOUTE, RAYMOND WALLS, ALFRED CLARK, ALEXANDER DIAZ-BENITEZ, CARLOS GUERRA, RAFAEL ARMANDO LEVYA MARTINEZ, LENIER MACHIN, JORGE QUINONES, JACOB POWELL, FIDEL RODRIGUEZ, TAYLOR SAMS, RONALD THOMAS, and ANYEL DELGADO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.                                        Case No.:  2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL STRATEGIES CONSULTANT GROUP, CORP., ROMMEL A. ARIZA and FLORIDA STRUCTURAL GROUP, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiffs' Motion to Compel Defendants to Comply with the Court's Order Regarding Collective Action Certification. (Doc. 113.) Defendant Florida Structural Group, Inc. ("FSG") responded (Doc. 118), but the other defendants did not.

Plaintiffs are security guards. In the wake of Hurricane Ian, Defendants employed Plaintiffs to protect FSG's job sites around Sanibel Island and Fort Myers Beach. (Doc. 46.) Plaintiffs sue Defendants under the Fair Labor Standards Act, alleging they did not pay minimum wage or overtime.

The Court conditionally certified a collective definition of: (1) security guards employed by Defendants Stength20 and Global Strategies between September 28, 2022, and February 28, 2023, (2) to secure "job sites owned or controlled by Defendant FSG" on, or near, Sanibel Island and Fort Myers Beach, (3) who were not paid minimum and overtime wages. (Doc. 97 at 11-12.) After approving notice and consent forms for distribution to the collective, the Court directed Defendants to "provide Plaintiffs' counsel the names, last known mailing addresses, and last known email addresses of all employees who fall within the collective definition identified by the Court." (Doc. 104 ¶ 2.) Plaintiffs say that Defendants have not provided this information and thus move to compel.

Defendant FSG says it "has provided all of the information it has regarding individual security guards who meet the collective definition," because it did not employ the security guards but merely "contracted with Global Strategies which hired the individual guards and apparently did not pay them." (Doc. 118 at 4.) Yet whether the security guards were employees of FSG is an unsettled issue. Indeed, Plaintiffs allege that FSG was a *joint employer* of Plaintiffs within the meaning of the FLSA, and FSG has challenged this assertion in a motion to dismiss that remains pending. (Doc. 46 ¶ 26; Doc. 65.) Thus, at this point, FSG must provide any information it might have about the security guards to comply with the Court's Order at Doc. 104 ¶ 2.

It is less clear what information Defendants Strength20 and Rommel Arriza provided. The motion states they "produced a list," but it is deficient. (Doc. 113 at 8.) Strength20 and Arriza did not respond to the motion to compel. Because these Defendants have offered no response about why the information already provided is sufficient, the Court will grant the motion to compel.

Two final issues. Plaintiffs request attorney's fees with no citation to authority or argument in support. (Doc. 113 at 3.) The Court therefore denies this request without prejudice. *See* Local Rule 3.01(a). Plaintiffs also ask to toll "the statute of limitations by the length of the delay caused by the Defendants failure to the timely comply with the Court's Order." (Doc. 113 at 3.) But there

3

is no authority cited for this relief either. Thus, for the same reasons already explained, "the Court declines to toll the statute of limitations period." (Doc. 97 at 8.)

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Compel Defendants to Comply with the Court's Order Regarding Collective Action Certification (Doc. 113) is **GRANTED IN PART AND DENIED IN PART**.

2. Within fourteen (14) days of this Order, Defendants must provide Plaintiffs' counsel the names, last known mailing addresses, and last known email addresses of all employees and/or contractors that fall within the collective definition identified by the Court (see Doc. 97 at 11-12).

3. Within fourteen (14) days of receipt of the list required above, Plaintiffs' counsel must distribute the notice and consent form in accordance with its terms.

4. The motion is denied to the extent it seeks any greater or different relief.

**ORDERED** in Fort Myers, Florida on June 11, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record