UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL, RANCEL MORENO, JOHNNY CUEVAS, RAMON CUEVAS, ADAM OROZCO, IRVIN MALDONADO, TRENT BARKER, CHRISTOPHER CAMPBELL, KHADEJHA DUBOSE, JOHN FABIEN, TOMAS SANCHEZ, TERRANCE STOUTE, RAYMOND WALLS, ALFRED CLARK, ALEXANDER DIAZ-BENITEZ, CARLOS GUERRA, RAFAEL ARMANDO LEVYA MARTINEZ, LENIER MACHIN, JORGE QUINONES, JACOB POWELL, FIDEL RODRIGUEZ, TAYLOR SAMS, RONALD THOMAS, and ANYEL DELGADO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.                                            Case No.: 2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL STRATEGIES CONSULTANT GROUP, CORP., ROMMEL A. ARIZA and FLORIDA STRUCTURAL GROUP, INC.,

    Defendants.
_____/

# **ORDER**

Before the Court is Plaintiffs' Motion to Extend the Time for Expiration of Statutory Lis Pendens Against Defendants' Related State Court Causes of Action Until Such Time as This Lawsuit is Adjudicated. (Doc. 126.)[1] No response has been filed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c). For the below reasons, the Court grants the motion.

Plaintiffs are security guards. In the wake of Hurricane Ian, Defendants employed Plaintiffs to protect Florida Structural Group's ("FSG") job sites around Sanibel Island and Fort Myers Beach. (Doc. 46.) Plaintiffs sue Defendants under the Fair Labor Standards Act, alleging they did not pay minimum wage or overtime. There is also a dispute pending in state court where Defendants Strength20 and Global Strategies allege FSG did not pay them for security services.

Under Florida Statute § 48.23(1)(a), this federal lawsuit acts as a lien against Defendants' real or personal property. In accordance with § 48.23(1)(a), Plaintiffs recorded a statutory Lis Pendens providing notice they maintain an interest and lien against the property represented by the claims which Defendants maintain against each other in the state court action. (Docs. 126-1, 126-2.) The Lis Pendenswill automatically lapse after this lawsuit has

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

remained pending for more than one year, unless the Court extends the expiration period "upon reasonable notice and for good cause." Fla. Stat. § 48.23(2). Because this case's one-year anniversary is approaching, Plaintiffs move to extend the expiration period of the Lis Pendens until the case concludes. (Doc. 126.)

Because Plaintiffs' potential interest in the recovery of money for the hours worked is the same as when they originally filed the Lis Pendens, and seeing no objection, the Court finds good cause to grant an extension. *See Taylor v. Steckel*, 944 So. 2d 494, 487 (Fla. Dist. Ct. App. 2006). Thus, the Lis Pendens is extended until the conclusion of this case. *See* Fla. Stat. § 48.23(2) ("The court may impose such terms for the extension of time as justice requires.")

Accordingly, it is **ORDERED**:

Plaintiffs' Motion to Extend the Time for Expiration of Statutory Lis Pendens Against Defendants' Related State Court Causes of Action Until Such Time as This Lawsuit is Adjudicated (Doc. 126) is **GRANTED**. The expiration period of the Lis Pendens is extended until this case concludes.

**ENTERED** in Fort Myers, Florida on July 2, 2024.

                                                                             4

_____
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record