UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL, RANCEL MORENO, JOHNNY CUEVAS, RAMON CUEVAS, ADAM OROZCO, IRVIN MALDONADO, TRENT BARKER, CHRISTOPHER CAMPBELL, KHADEJHA DUBOSE, JOHN FABIEN, TOMAS SANCHEZ, TERRANCE STOUTE, RAYMOND WALLS, ALFRED CLARK, ALEXANDER DIAZ-BENITEZ, CARLOS GUERRA, RAFAEL ARMANDO LEVYA MARTINEZ, LENIER MACHIN, JORGE QUINONES, JACOB POWELL, FIDEL RODRIGUEZ, TAYLOR SAMS, RONALD THOMAS and ANYEL DELGADO, individually and on behalf of others similarly situated,

    Plaintiffs,

v.    Case No.:  2:23-cv-544-JLB-KCD

STRENGTH20, LLC, GLOBAL STRATEGIES CONSULTANT GROUP, CORP., ROMMEL A. ARIZA and FLORIDA STRUCTURAL GROUP, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Florida Structural Group, Inc.'s ("FSG") motion to compel discovery responses from Defendant Rommel Ariza. (Doc. 137.) Ariza has not responded and the time to do so passed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

FSG served discovery on Ariza (Doc. 137-1), and his answers were due by August 14. Neither responses nor objections were received from Ariza. The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

FSG attempted to confer with Ariza's counsel in a good faith effort to resolve this dispute to no avail. (Doc. 137 at 5.) And now Ariza failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel (Doc. 137). Within 7 days of this order, Ariza must serve full and complete responses to the outstanding discovery requests.

FSG also asks for "an award of attorney's fees associated [with] the preparation and filing of this motion." (Doc. 137 at 3.) If a motion to compel is granted (or if a discovery order is not obeyed), "the court must" require the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5), (b)(2)(C). These sanctions are

self-executing. The court *must* award expenses. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Ariza did not provide the discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Ariza has not carried his burden. Indeed, he offers no opposition to the motion. That ends the matter—the Court "must order [them] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Defendant Florida Structural Group, Inc.'s motion to compel (Doc. 137) is **GRANTED**.

2. Within 7 days of this order, Defendant Rommel Ariza must produce the discovery outlined in the motion.

3. Within fourteen days of this order, the parties must also meet and confer about the expenses FSG reasonably incurred in making the motion. If the parties cannot agree on a fee award, FSG must submit a motion, which includes necessary supporting documents detailing its reasonable expenses and fees, if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on September 24, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record