UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL,
INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY
SITUATED,

      Plaintiffs,

v.

STRENGTH20, LLC;  GLOBAL
STRATEGIES CONSULTANT
GROUP, CORP.; ROMMEL A.
ARIZA, INDIVIDUALLY; AND
FLORIDA STRUCTURAL GROUP,
INC.;

      Defendants,
_____/

Case No. 2:23-cv-544-JLB-KCD

## ORDER

    Before the Court is Plaintiffs' motion to compel discovery responses from Defendant Florida Structural Group, Inc. ("FSG") (Doc. 161.)[1] FSG has not responded, and the time to do so passed, so the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

    Plaintiffs seek an order "overruling [FSG's] objections and compelling better discovery responses" to Requests for Production 26 and 27. (Doc. 161-1.) The Court agrees that FSG's responses are deficient. (Doc. 161 at 4.) Boilerplate objections and generalized responses are improper. More

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

specifically, objections simply stating that a request is overly broad or unduly burdensome are worthless and without merit. *See, e.g.*, *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009). This means FSG cannot simply assert that discovery is improper, which is essentially what occurred here. The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Plaintiffs tried to confer with FSG in a good-faith effort to resolve this dispute to no avail. (Doc. 161 at 11.) And now FSG failed to respond to the motion, thereby waiving any objections that were made. *See Gray v. Fla. Beverage Corp.*, No. 6:18-CV-1779-ORL-31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). Having received no response in opposition, the Court grants the motion to compel.

Plaintiffs also seek an award of attorney's fees "associated with the preparation and filing of this motion." (Doc. 161 at 10.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO*

2

*Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. FSG did not provide the discovery and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g., Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

FSG has not carried its burden. Indeed, it offers no opposition to the motion. That ends the matter—the Court "must order [it] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion to compel (Doc. 161) is **GRANTED**.

2. **Within 10 days of this order, Defendant FSG must update its response and produce the documents sought in Requests for Production 26 and 27.**

**3.** Within 14 days of this order, the parties must also meet and confer about the expenses Plaintiffs reasonably incurred in making the motion. If the parties cannot agree on a fee award, Plaintiffs must submit a motion, which includes necessary supporting documents detailing its reasonable expenses, if it wishes to pursue such relief.

**ENTERED** in Fort Myers, Florida on February 18, 2025.

Kyle C. Dudek
United States Magistrate Judge