UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL PIMENTEL,
INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY
SITUATED, *et al.*,

        Plaintiffs,

v.

STRENGTH20, LLC, A FLORIDA
LIMITED LIABILITY COMPANY;
GLOBAL STRATEGIES
CONSULTANT GROUP, CORP., A
FOR PROFIT FLORIDA
CORPORATION; ROMMEL A.
ARIZA, INDIVIDUALLY; AND
FLORIDA STRUCTURAL GROUP,
INC., A FOR PROFIT FLORIDA
CORPORATION;

        Defendants,

Case No. 2:23-CV-544-JLB-KCD

## **ORDER**

Plaintiffs are security guards who Defendants allegedly employed to protect construction sites around Sanibel Island and Fort Myers Beach in the wake of Hurricane Ian. (*See* Doc. 46.)[1] They have sued Defendants for failing to pay minimum and overtime wages, as required by the Fair Labor Standards Act.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

During discovery, Plaintiffs sent Defendant Florida Structural Group "two narrow requests for production geared toward discovering the nature [of] services that Defendant FSG was providing to its clients." (Doc. 161 at 2.) FSG objected, so Plaintiffs asked the Court for "an order overruling Defendants' objections and compelling better discovery responses." (*Id.* at 2.) FSG did not respond to the motion, thus abandoning its objections to the discovery. *See Gray v. Fla. Beverage Corp.*, No. 618CV1779ORL31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). The Court granted Plaintiffs' motion and directed FSG to produce the documents sought. (*See* Doc. 162.)

FSG now seeks relief from that order under Fed. R. Civ. P. 60(b). (Doc. 163 at 13-14.) According to FSG, it "failed to respond to the . . . motion to compel" because of a calendaring error, which it asserts is "excusable neglect." (*Id.* at 3.)

For starters, FSG seeks relief under Fed. R. Civ. P. 60(b)(1), but that is the wrong procedural vehicle. (*See* Doc. 163.) Rule 60 applies only to final judgments, orders, and proceedings—none of which have occurred here. *See, e.g., Austin v. Metro Dev. Grp., LLC*, No. 8:20-CV-1472-KKM-TGW, 2021 WL 1164804, at *1 (M.D. Fla. Mar. 25, 2021). FSG moves to overturn a *non-final* discovery order, which makes Rule 60 irrelevant. *Rodriguez v. Clear Blue Ins.*

2

*Co.*, No. 8:22-CV-02455-KKM-AEP, 2024 WL 3520794, at *2 (M.D. Fla. July 24, 2024).

At any rate, district courts have inherent authority to reconsider non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-81 (11th Cir. 2024). But this discretion should be exercised only in extraordinary circumstances. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Reconsideration is proper only where: (1) there is an intervening change in controlling law, (2) new evidence has become available, or (3) relief from the judgment is necessary to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

FSG does not claim an intervening change in controlling law or new facts. Nor has it shown legal error. Instead, FSG argues that it would have opposed the discovery motion but for a calendaring error. (Doc. 163 at 3.) It's debatable whether this constitutes excusable neglect as FSG claims. *See*

3

*Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation."). Regardless, the Court declines to revisit its order. Discovery has closed, which leaves Plaintiffs without recourse to correct any deficiencies the Court may now find with its discovery requests. FSG has effectively "prejudiced [Plaintiffs] through an impermissible delay that was wholly within its control." *Roofing & Reconstruction Contractors of Am. LLC v. USAA Cas. Ins. Co.*, No. 2:20-CV-823-JLB-NPM, 2021 WL 8893980, at *2 (M.D. Fla. Aug. 25, 2021). Relief is not appropriate on such facts. *Id.*

"The Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Prescott v. Alejo*, No. 2:09-CV-791-FTM-36, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010). Instead, "reconsideration of a prior order is an extraordinary remedy" to be employed sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). FSG's arguments do not meet this standard, and thus, the Motion for Relief from Order (Doc. 163) is **DENIED**.

**ORDERED** in Fort Myers, Florida on March 5, 2025.

                                                Kyle C. Dudek
                                                United States Magistrate Judge